## SUPREME COURT.

JOHN FISHER agt. GEORGE F. LANGBEIN and J. C. JULIUS
LANGBEIN.

*Action against attorneys for false imprisonment — Law as to liability of*
*attorneys stated — Not liable for error of court where there is jurisdiction*
*of the person and of the subject-matter of the action — Sheriff's risks and*
*hazards.*

An attorney and counselor-at-law is not liable in an action for false
imprisonment where, in a judicial proceeding, he presents papers to a
court of competent jurisdiction, and the court, after consideration and
after hearing and acting judicially upon the papers, grants an order of
arrest, and such papers are afterward set aside upon the ground of error
in issuing them. That error of the court not only protects the attor-
ney, but everybody else. The attorney is only liable for irregularity in
practice.

It is one of the risks and hazards of the sheriff's office to determine
at his peril whether he can or cannot further detain a party in his cus-
tody under a certain writ or process (*See Fisher agt. Raab et al.*, 56
*How.*, 218, 223 ; 58 *How.*, 221; 81 *N. Y.*, 235).

*Special Term, November,* 1881.

THE complaint alleged that the defendants were attorneys
and counselors-at-law, and that the plaintiff had commenced
an action in the court of common pleas for the city and
county of New York against one John Raab and others, and
that the defendants appeared and answered as the attorneys
and counselors of said Raab and forty-one other defendants
in that action. That defendants maliciously procured a false
affidavit to be made, wherein the plaintiff was falsely charged
with having committed an alleged contempt of said court of
common pleas, and that the said affidavit was presented by
them to judge. JOSEPH F. DALY, one of the judges of said
court, for an order adjudging him guilty of contempt of
court; that said judge made such an order upon said affi-
davit and application, whereupon the defendants wrote out a

commitment and warrant for the commitment of the plaintiff, and caused the same to be issued to the sheriff of the city and county of New York, who, in obedience thereto, arrested the plaintiff and committed him to the common jail of the city and county of New York. That at the time of such arrest the plaintiff was employed as finisher in a machine shop, and earned ten dollars a week; that he thereby lost his situation and had to endure great hardships and indignity. That the plaintiff thereupon appealed from said order of judge DALY to the general term of the court of common pleas, where said order was affirmed, and from there to the court of appeals, where said order of judge DALY and of said general term were reversed.

That said order of judge DALY was without lawful authority and jurisdiction, and was unconstitutional and void, and that by reason of the premises he has suffered damages to the amount of $30,000.

The defendants answered separately. The answer of George F. Langbein admitted that he was an attorney and counselor-at-law, and while admitting the proceedings set forth in the complaint as to the action in the court of common pleas, and the appeals in said complaint mentioned, he denied all allegations of malice. For a further and distinct defense he alleged that this action was brought by the plaintiff, by and under an agreement with his attorney and counselor in this action, Henry Wehle, proposed by said Wehle and accepted and agreed to by said plaintiff; said Wehle, for the purpose of inducing the plaintiff to place the alleged claim in the complaint mentioned in his hands for prosecution, agreed not only to render the services as attorney and counselor-at-law in this action, but also to advance all the money needed by the plaintiff to prosecute and carry on this action, and that the plaintiff agreed to and accepted the same, and thereupon lent his name for this action, and said action was commenced by the said Wehle pursuant to said agreement and not otherwise, contrary to and in violation of section 74 of the Code of Civil Proced-

ure, and contrary to and in violation of its spirit and intent and of public policy. The answer further alleged that the plaintiff was not the real or the sole party in interest, but that said unlawful agreement between the plaintiff and said Wehle, his attorney, was also for the purpose of permitting and allowing said Wehle to attempt to recover the money of said Wehle, advanced and paid by him as attorney for the plaintiff in said action in the court of common pleas and the appeals therein mentioned, contrary to and in violation of the statute (*part 3, title 2, chap. 3, art. 3 of the Revised Statutes of the State of New York*), and of said section 74 of the Code of Civil Procedure.

The separate answer of the defendant J. C. Julius Langbein admitted that he was an attorney and counselor-at-law, and by way of a further defense, and by the way of mitigation alleged and showed:

I. In the month of August, 1878, the plaintiff brought an action in the court of common pleas for the city and county of New York, against one John Raab and about seventy other defendants, to dissolve an association known as the "Kranken under Stützung Verein, Deutsche Freu und Einigkeit," to bring the funds of said association into court, and to distribute the same according to their appropriate share among the members, and for other relief, to which said action and the pleadings therein this defendant begs leave to refer upon the trial of this action. That on the 2d day of September, 1878, the plaintiff obtained from the said court a preliminary injunction, with an order to show cause why the same should not be made perpetual, restraining the said Raab and others, about seventy defendants (said Raab and said other defendants who were restrained being principally the officers and trustees of said association), from drawing and receiving, and the defendant Fischer, as receiver of the Teutonia Savings Bank, from paying out the moneys deposited by said association in said bank, and why a receiver of all the property of said association should not be appointed.

II. Upon the hearing of said order to show cause forty-two of said defendants (who had retained and engaged this defendant as their attorney-at-law to appear for and defend them in said action, in opposition thereto produced affidavits signed and sworn to by them, and which said affidavits this defendant, as their attorney as aforesaid, as he was in duty bound to do so, read to the court or judge Joseph F. Daly to the effect that the plaintiff himself made a motion at a meeting of said society to dissolve the same, and then at a subsequent meeting the plaintiff himself also made a motion to overthrow and cancel his former motion and that the society continue as before. As the effect of these affidavits was to stop the plaintiff from claiming, as he did on said motion, that the said society was dissolved, his attorney, Henry Wehle, attempted to impeach said affidavits, claiming that they were not signed or sworn to understandingly by the said forty-two defendants, inasmuch as they were Germans and did not understand the English language, and therefore had not knowingly signed and sworn to the same, and he thereupon argued and insisted before said court and judge that a referee should be ordered to determine and report upon such facts, to which this defendant, for and on behalf of and on account of the extreme poverty of his clients (the said forty-two defendants), objected and resisted before the said court and judge, and thereupon the question as to who should pay the expenses of the reference was argued and discussed by the defendants as such attorney, and by the said Wehle, as attorney for the plaintiff, who informed said court and judge that the plaintiff would pay them in case the referee's report was not in his favor, whereupon the court and judge Joseph F. Daly made an order of reference dated September 17, 1878, which said order is on file in the office of the clerk of the said court, to which this defendant begs leave to refer upon the trial of this action.

III. That after a long protracted and tedious litigation before said referee that officer made his report against the plaintiff upon the matters aforesaid, and in favor of the forty-

two defendants for whom this defendant was acting; that the referee served a notice; that his report was ready for delivery upon the plaintiff, the said Wehle, upon Charles Goldzier, attorney for about eleven defendants seeking affirmative relief, and upon this defendant; that said notice is on file in the office of the clerk of the said court, and to which this defendant begs leave to refer on the trial of this action; that no notice was taken or paid to said notice of the referee, whereupon this defendant, as in duty bound and by the direction of the said court judge JOSEPH F. DALY aforesaid, made the affidavit which was sworn to by this defendant on the 27th day of November, 1878, and which is the affidavit referred to in the third paragraph of the complaint herein, that said affidavit was true then, and this defendant reiterates and swears it is true now and was not then false, nor that the said affidavit was not made, signed or sworn to, either maliciously, falsely or wrongfully, as against the plaintiff, but was signed and sworn to in perfect and entire good faith by this defendant in the lawful, proper and honest discharge of his duty as the attorney for said forty-two defendants and for and on their behalf and benefit and in their interest while performing, discharging and attending to his legal professional duties aforesaid, and not otherwise, and to simply and plainly submit to the court by its directions, as aforesaid, and lay before it the facts in said matter pursuant to this defendant's legal professional duty and the direction of said court, judge JOSEPH F. DALY, for the judicial action of the said court and judge thereon.

IV. That thereupon this defendant in the discharge of his said duty, and pursuant to the direction of said court, and without any malice or wrongful intent towards the plaintiff, submitted to and laid before the said court the facts in said matter and presented the same in said affidavits, together with the other papers, to the said court, and said court on said facts as thus presented to it, and on said 27th day of November, 1878, made an order directing the plaintiff to pay to the

said referee his fees within three days from the date of said order or show cause at a time stated therein why he should not be committed for contempt, which said order, together with all the papers therein recited, are on file in the office of the clerk of the said court, and to all of which this defendant begs leave to refer upon the trial of this action. That upon the return and hearing of said order the plaintiff appeared by said Wehle, as his attorney, and did not deny the fact that the referee had found that a majority of the said forty-two defendants had sworn that they had understandingly made the statements which appeared in their said affidavits, but merely raised technical objections as to the practical part of the procedure thereupon; whereupon the said court, on the 4th day of December, 1878, upon the facts before said court and on the said hearing, found and stated the facts and expressed its judicial views in writing in an opinion which is on file in the office of the clerk of said court, a copy of which opinion this defendant annexes hereto and makes it part of his answer, and marks it "A." That thereupon this defendant, to carry out the judicial views of the said court and in the lawful and proper discharge of his duty as such attorney aforesaid, in entire good faith and without any malice or wrongful intent towards the plaintiff whatsoever, and under the direction of said court and judge, made and dated December 4, 1878, and which is the order referred to in the fourth paragraph of the complaint herein, and is marked "A." That thereupon and on the said 4th day of December, 1878, this defendant, as such attorney and in the lawful and proper discharge of his duty as such, and without any malice or wrongful intent whatsoever towards the plaintiff, to carry out the order of said court, and for the purpose of carrying the said order into effect, drew the warrant for the clerk of said court, pursuant to the order of said court of December 4, 1878, whereupon the clerk of said court signed and sealed the same, as he was in duty bound to do; and pursuant to the order of the said court, the said warrant was issued to the sheriff of

the city and county of New York, who, as this defendant is informed and believes, in obedience thereto, duly conveyed the plaintiff to the common jail of the city and county of New York, and said warrant is the one referred to in the fifth paragraph of the complaint herein, is thereto annexed and marked "B."

V. That thereupon the said Wehle, as attorney aforesaid, obtained a writ of *habeas corpus* from the supreme court, New York (first department), and said court judge JOHN R. BRADY, after argument upon the merits, dismissed the said writ, with costs, the court writing an opinion, which is on file with the clerk of said supreme court, a copy of which is hereto annexed, made part of this answer and marked "B."

VI. That thereupon the said Wehle, as attorney aforesaid, obtained another writ of *habeas corpus* from the said supreme court. Presiding justice NOAH DAVIS, after argument upon the merits, dismissed said writ, with costs. The said order of dismissal is on file with the clerk of said supreme court, to which this defendant begs leave to refer upon the trial of this action. That neither of said orders of dismissal were ever appealed from, were never reversed and are still valid and in full force and effect.

VII. That on the 17th day of December, 1878, the plaintiff appealed from the said order of December 4, 1878, to the general term of the court of common pleas for the city and county of New York, and pending said appeal made a motion to the said court or judge for a stay of proceedings, upon which application the said court or judge made a memorandum or opinion for counsel, which is on file with the clerk of said court, a copy of which is hereto annexed, marked "A 1," and is made part of this answer ; that said court reversed said order upon the technical ground that the person who made the demand for the referee's fees did not, when making such demand, exhibit his authority to collect the money, and that ground being of a purely technical nature, the said court exacted that the plaintiff should give a stipula-

Fishar agt. Langbein.

tion not to sue on account of his imprisonment. The said court wrote an opinion on said reversal, which is on file with the clerk of said court, a copy of which is hereto annexed, marked " C," and made part of this answer ; that the plaintiff refused to give such stipulation, whereupon the said court (general term) affirmed the said order of December 4, 1878, with costs, which order of affirmance is on file with the said court, and to which this defendant .begs leave to refer upon the trial of this action.   That thereupon the plaintiff appealed from said order of December 4, 1878, and from said order of affirmance dated January 19, 1880, to the court of appeals of the state of New York, and said last mentioned court reversed the said orders appealed from, writing an opinion, a copy of which is hereto annexed marked " D," and is made part of this answer.   That thereupon, in the month of November, 1880, the plaintiff commenced this action against this defendant and the codefendant, and the facts and matters aforesaid are the matters of which the plaintiff complains in his complaint herein.

This defendant specially avers and alleges that from the commencement of said action by the plaintiff against the said John Raab and said about seventy other defendants, and up to and including this time, he has not had or entertained, nor has he now nor does he now entertain any malice or wrongful intent, either personally or otherwise, against the plaintiff; that all the acts, doings and proceedings in said matter and action toward the plaintiff, from the commencement thereof up to and including the present time, were done and performed by him, this defendant, in entire good faith, as the attorney for the said forty-two defendants, and under the direction of, and to carry out the judicial views of the said court and judge, and in the lawful and proper discharge of his duty as such attorney and as an officer of said court, and without any malice or malicious or wrongful intentions whatsoever toward plaintiff herein.   After the plaintiff had rested

his case a motion was made to dismiss the complaint, upon the ground that no cause of action had been proven.

*Jesse K. Furlong* appeared for defendant.

*J. C. Julius Langbein, George F. Langbein* appeared for themselves in person.

*Cardozo & Newcombe* appeared as counsel for defendants.

Ex-judge CARDOZO, on the motion to dismiss, made and argued the following points :

I. The defendants acted in good faith as attorneys and counselors of this court, without fraud, falsehood or malice towards the plaintiff, and are therefore not liable. The foundation on which the liability of a person for malicious arrest must rest is, that the party obtaining the order or authority from a judge for the arrest has imposed upon the latter by some false statement, some *suggestio falsi, suppressio veri*, and has therefore satisfied him not only of the existence of the debt to the requisite amount, but also that there is reasonable ground for supposing the debtor to be about to quit the country. If, without fraud or falsehood, upon an affidavit fairly stating the facts, the party succeeds in satisfying a judge that the defendant is about to quit the country, and so obtains an order for a *capias* to arrest him, he is not liable to an action, though the defendant had no such intention (*See Reg. Gen. Mich. T.*, 1869 *R.; 6 L. R.*, 5 ; 2 *B.*, 670, 671). The discharge of the defendant affords no ground of action against the party procuring the arrest if the original order for the arrest was fairly obtained, as it is a judicial act, and a person concerned in enforcing it is not responsible for its correctness. Where, however, the facts are not truly stated, and the court or judge has been put in motion without reasonable and probable cause, and the party making the affidavit or procuring the order for the arrest was guilty of falsehood or of culpable

negligence in swearing to facts without knowing whether they were true or false, there will be evidence of malice, and he will be responsible in damages (*Daniels* agt. *Fielding*, 16 *M. & W.*, 207; *Gibbons* agt. *Allison*, 3 *Common Bench R.*, 185; *Ross* agt. *Norman*, 5 *Exch.*, 359; *Addison on Torts, vol.* 2 [ *Wood's ed. of* 1876], *pp.* 83, 84). But if an attorney maliciously and without any reasonable or probable cause, knowing that his client has no just claim against the plaintiff, assists in putting the law in motion and affects an unlawful and malicious arrest, he as well as his client, who has authorized the proceeding, will be responsible in damages (*Stockley* agt. *Hornidge*, 8 *C. & P.*, 16; *Addison on Torts, vol.* 2 [ *Wood's ed. of* 1876], *p.* 85).

II. Parties and their attorneys are liable for issuing void or irregular process, and are responsible for all damages and injury done after it has been set aside by the court or judge, unless it has been set aside for error or on the terms that no action shall be brought. In the case at bar the special term judge erred as to the manner in which referee's fees should be collected under the statute, and this is all that the court of appeals has decided in the case of *Fisher* agt. *Raab* (81 *N. Y., p.* 235); *Addison on Torts, vol.* 2 (2 *Word's ed. of* 1876) *p.* 144; *Countess of Rutland's case* (6 *Rep.*, 54, *a*); *Cotes* agt. *Michael* (3 *Lev.*, 20). If acts of trespass have been committed under color of legal process, which has been set aside as irregular, both the client who commands the attorney and the attorney who sues out the process are responsible as principal in the commission of the acts of trespass done by their procurement and commandment; but it is otherwise if the issue of the process is a judicial act, and the process is afterwards set aside, not for irregularity but for error ( *Williams* agt. *Smith*, 14 *Common Bench Report, page* 196, *vol.* 108; *English Common Law Reports, page* 596; *Addison on Torts, vol.* 2, *Wood's ed. of* 1876, *p.* 156; *Cooper* v. *Harding*, *Queen's Bench Reports, vol.* 7, *p.* 928). A person causing process to be issued is not responsible for anything that is

due under it where the process is afterwards set aside, not for irregularity but for error. In the one case a man acts irregularly and improperly, without the sanction of any court. He therefore takes the consequences of his own unauthorized act. But where he relies upon the judgment of a competent court he is protected (*Addison on Torts, vol.* 2 [*Wood's ed. of* 1876], *page* 41, *and cases cited*). A judgment protects the party for acts done under it, although subsequently reversed for error. It is otherwise if the judgment is set aside for irregularity. Where a judgment is irregular the party is chargeable with the irregularity, but the court only is responsible for error (*Simpson* agt. *Hornbeck,* 3 *Lans.,* 53).

*Messrs. Wehle & Jordan* and *Charles Wehle,* for plaintiff.

*C. Bainbridge Smith,* of counsel for plaintiff, in opposition to the motion to dismiss cited *Cooper* agt. *Harding (supra),* and *Addison on Torts* (*vol.* 2, *Wood's ed. of* 1876, *p.* 41), and contended that the acts of defendants in procuring the arrest of the plaintiff were irregular and malicious, and the order of the special term unconstitutional and void.

LAWRENCE, *J.* — The examination which I have been enabled to give to this case since recess has only served to strengthen the opinion which I intimated to counsel before the court rose. It is conceded on all hands, that the court of common pleas had jurisdiction in the case of *Fisher* agt. *Raab et al.,* in which the original order, which has been the cause of this controversy between these parties was made. The order was made by that court, a court of competent jurisdiction, after this plaintiff and his opponents had been heard and after full consideration of the subject. It is true that upon appeal the court of appeals has reversed the order of the special term and also the order of the general term of the common pleas affirming the order of the special term, and has declared that that order was erroneous. But they have

Fisher agt. Langbein.

nowhere declared that the court of common pleas did not have jurisdiction of the action of *Fisher* agt. *Raab et al.*, and therefore, to my mind, the case presents the feature of a case in which both the special and general terms have decided one way and the court of appeals after consideration have decided another, and I think it would be a very dangerous rule for any court to lay down that a counsel or an attorney who has been sustained by the courts below in the proceeding which he had adopted, a proceeding taken after full consideration, after all the parties had been heard and all their rights considered, should be liable in an action at the hands of the party against whom the proceedings were taken. The cases which have been cited from the English courts are extremely strong.    On this point I cannot distinguish the case of *Williams* agt. *Smith* and cases cited (14 *Common Bench Reports* [*N. S.*], *p.* 196; *vol.* 108 *of the English Common Law Reports, p.* 596) in any particular from this case.    The head-note by the reporter is as follows:

" Upon a change in solicitors in certain suits in equity an order was made by the master of the rolls requiring the former solicitor to hand over to the newly-appointed solicitor all papers and documents in his possession, custody or power relating to the suits.    Some of the papers were in the hands of counsel and others in the hands of a law stationer who respectively claimed liens thereon for fees and charges, and the solicitor alleging that his client had undertaken to provide funds for fees and disbursements, but had failed to do so was consequently unable to comply with the order as to those papers.    The newly-appointed solicitor upon an affidavit alleging the neglect to obey the order, but not mentioning the excuse set up, obtained from the clerk of the records and writs a writ of attachment under which the former solicitor (already in custody for debt) was detained.    An application having been fruitlessly made to the master of the rolls to set aside the judgment upon a statement of all the facts the former solicitor appealed to the lords justices, who reversed

the decision of the master of the rolls, with costs, and ordered the writ to be set aside and the solicitor discharged from custody. It was held that neither the solicitor who so sued out the attachment nor the client was liable in trespass." I cannot distinguish the case at bar from that case in any particular.

Now, as regards the regularity which was spoken of by Mr. Smith, I think that was a matter entirely within the power of the court to answer; and as to the detention of the plaintiff by the sheriff after he had made payment, that seems to me to be an act of the sheriff. The sheriff was not obliged to take Mr. Langbein's opinion, nor was Mr. Langbein bound to give any opinion. There was the order of the court, the commitment and the act of the sheriff. It is one of the risks and hazards of the sheriff's office to determine at his peril whether he can or cannot further detain a party in his custody under a certain writ or process. I wish also to say, in dismissing the complaint, I rely not only upon the case to which I have referred at length from the English reports, but also to another English case, the case of *Cooper* agt. *Harding* (*which is reported in* 7 *Adol. & Ell.* [*N. S.*], *p.* 928 *and following pages*; *and also Simpson* agt. *Hornbeck*, 3 *Lans.*, 54), referred to by the counsel for the defendants.

I desire also to state generally, as I have endeavored to state before, that if any wrong was done to the plaintiff in this case, it seems to me to have proceeded from the error of a judicial tribunal for which an attorney and counselor could not and ought not to be held liable.

I ought also to state that it appears from the testimony in the case that not only was the cause of the Messrs. Langbein predicated upon the action of the court of common pleas, but it was certainly sustained by the judicial determination of two justices of the supreme court, presiding justice DAVIS and justice BRADY.

For these reasons I dismiss the complaint.